UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN LAMAR WOODS, §<br>  Plaintiff, §<br> §<br>v. §<br> §<br>CITY OF BEDFORD, TEXAS, et al., §<br>  Defendants. § | CIVIL ACTION NO. 4:21-CV-1373-P |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSING CLAIMS AGAINST BEDFORD POLICE DEPARTMENT PURSUANT TO SCREENING PROVISIONS OF 28 U.S.C. § 1915(e)

On November 21, 2021, *pro se* Plaintiff Steven Woods ("Woods") filed a Complaint [doc. 3] against the City of Bedford, Texas; Bedford Police Department; Bedford Officer B. Deutsch; and Bedford Officer John Doe (collectively, "Defendants"). Woods seeks $10,000,000 in damages against the Defendants for his "unlawful arrest" and the resulting "infliction of emotional distress." (Plaintiff's Complaint ("Pl.'s Compl.") at 2-3.) Woods initially filed his Complaint in the Northern District of Texas' Dallas division. Because the alleged events giving rise to Woods' claims occurred in Tarrant County, Texas, Magistrate Judge David Horan transferred the case to Magistrate Judge Hal Ray in the Northern District of Texas' Fort Worth division on December 3, 2021 [doc. 5]. Woods filed a Motion for Leave to File *In Forma Pauperis* [doc. 4] on November 24, 2021, and Magistrate Judge Hal Ray granted the motion on December 28, 2021 [doc. 8]. The case was subsequently assigned to the undersigned Magistrate Judge on January 4, 2022.

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding in forma pauperis ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua*

1

*sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotations omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

Woods claims against the Bedford Police Department are not amenable to suit. Courts in this jurisdiction have long established police departments do not have "jural existence," in that they are "not entit[ies] capable of being sued." *Brodzki v. N. Richland Hills Police Dep't*, No. 3:10-CV-539-P, 2010 WL 1685799, at *1; *Darby v. Pasadena Police Dep't*, 929 F.2d 311, 313 (5th Cir. 1991); *see also Ricks v. Mack*, No. 4:15-CV-209-A, 2015 WL 2330133 at *2 (dismissing plaintiff's claims against defendant Bedford Police Department because police department is not capable of being sued). The proper defendant is the city in which the department resides. *See Ricks*, 2015 WL 2330133 at *2. As the Bedford Police Department is a non-jural entity incapable of being sued, all claims against it should be **DISMISSED**.

## RECOMMENDATION

Based on the foregoing, it is recommended that, pursuant to 28 U.S.C. § 1915(e), all claims in the above-styled and numbered cause against the Bedford Police Department be dismissed as Woods, in his complaint, has failed to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 24, 2022,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED May 10, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3