UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN LAMAR WOODS, <br> Plaintiff, <br><br> v. <br><br> CITY OF BEDFORD, TEXAS, et al., <br> Defendants. | § <br> § <br> §    CIVIL ACTION NO. 4:21-CV-1373-P <br> § <br> § <br> § <br> § <br> § |

### FINDINGS, CONCLUSION, AND RECOMMENDATION REGARDING DEFENDANTS CITY OF BEDFORD AND OFFICER B. DEUTSCH'S MOTION TO DISMISS

Pending before the Court are Defendants City of Bedford ("City") and Officer B. Deutsch ("Officer Deutsch") (collectively, "Defendants")'s Motion to Dismiss [doc. 18]. The Court, having carefully considered the motion and relevant applicable law, recommends that Defendants' motion be **GRANTED** and that all claims against them be **DISMISSED**.

### I.    PROCEDURAL BACKGROUND

On November 24, 2021, Plaintiff Steven Lamar Woods ("Woods" or "Plaintiff") filed his Complaint [doc. 1] against the City of Bedford, Bedford Police Department, Officer B. Deutsch, and John Doe[1] in the Dallas Division of the United States District Court for the Northern District of Texas, seeking "compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the Unreasonable Search and Seizure—Detention and Arrest of the Plaintiff." (Plaintiff's Complaint ("Pl.'s Compl.") at 2.) The action was transferred to the Fort Worth Division via electronic Order [doc.

---

[1] The Court issued its findings, conclusions, and recommendation [doc. 9] dismissing claims against Defendant Bedford Police Department on May 10, 2022. Judge Pittman issued an Order [doc. 12] on May 31, 2022, accepting the undersigned's findings, conclusions, and recommendation and dismissing all claims against the City of Bedford. As of the date of this Recommendation, Defendant John Doe has neither been served nor entered an appearance in this case. As such, the Court, will not address claims against John Doe.

1

5] on December 3, 2021. Plaintiff filed his Motion for Leave to Proceed *in forma pauperis* [doc. 4] on November 24, 2021, and the Court issued an Order [doc. 8] permitting Plaintiff to proceed *in forma pauperis* on December 28, 2021. On January 4, 2022, United States District Judge Mark Pittman referred the matter to the undersigned for pre-trial management. Defendants filed the above styled and referenced motion on July 28, 2022. As of the date of these Findings, Conclusion, and Recommendation, Plaintiff has wholly failed to respond to the motion.

## II. LEGAL STANDARD

Rule 12(b)(6) allows motions to dismiss for failure to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Courts are limited under 12(b)(6) to the four-corners of the texts; they may not look beyond the face of the pleadings. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). Additionally, the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *First City Bank*, 970 F.2d at 47. "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of facts is improbable and that 'recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Conley v. Gibson*, 355 U.S. 41, 45 (1957) ("[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts."). Nonetheless, a plaintiff must provide the court in its pleadings with "more than labels and conclusions," as "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. When a pleading has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The doctrine of qualified immunity "protects government officials from suit and liability for civil damages under § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Byers v.*

*Navarro County*, No. 3:09-CV-1792-D, 2012 WL 677203, at *2 (N.D. Tex. Mar. 1, 2012) (Fitzwater, CJ) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) and *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This is an affirmative defense that balances the important interests of holding "public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231. Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved at the earliest possible stage in the litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "When a defendant raises the defense of qualified immunity, the plaintiff bears the burden to negate the defense once it is properly raised." *Cano v. Vickery*, No. H-16-392, 2018 WL 4567169, at *3 (S.D. Tex. Sept. 24, 2018). The Court must rule on the issue of qualified immunity "at the earliest possible stage of the litigation," because "qualified immunity is more than a mere defense to liability." *Carswell v. Camp*, 37 F.4th 1062, 1065 (5th Cir. 2022) (internal quotations omitted) (citing *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam); *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)). The rationale behind the Court's early determination is to prevent the defendant asserting qualified immunity from being deprived of his entitlement "to be free from suit and the burden of avoidable pretrial matters." *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986); *Carswell*, 27 F.4th at 1065.

### III. FINDINGS

The threshold issue before the Court is whether the case may move forward despite Plaintiff's continued failure to respond to Defendants' motion to dismiss and assertion of qualified immunity. Federal Rule of Civil Procedure 41(b) permits a Court to dismiss an action *sua sponte* for failure to prosecute or failure to comply with the federal rules. FED. R. CIV. P. 41(b); *Guillen*

*v. Racetrac Petroleum, Inc.*, No. 3:20-CV-01470-N-BT, 2020 WL 10050716, at *1 (N.D. Tex. Nov. 19, 2020) (citing *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Dorsey v. Scott Wetzel Serv.*, 84 F.3d 170, 171 (5th Cir. 1996)); *See, e.g., Martinez* v. Johnson, 104 F.3d 769, 771 (5th Cir. 1997) (dismissing case without prejudice upon finding petitioner's lack of response showed he lacks interest in prosecuting his case); *Davis v. Wells Fargo Home Mortg.*, No. 3:19-CV-02382-X, 2020 WL 5633030, at *1 (N.D. Tex. Sept. 21, 2020) (dismissing case when plaintiff failed to respond to defendant's motion to dismiss). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (quotations omitted) (citing *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985).

The undersigned finds dismissal without prejudice under Rule 41(b) is warranted here. *See, e.g., McCormick v. Bd. of Supervisors La. State Univ. and Agric. and Mech. Coll.*, No. 02-767, 2004 WL 856657, at *3 (E.D. La. April 19, 2004) (granting summary judgment in favor of defendants on issue of qualified immunity when plaintiff failed to respond to defendants' assertions of qualified immunity). As of the date of these Findings, Conclusion, and Recommendation, Defendants' filed their motion to dismiss nearly three months prior and Plaintiff has yet to respond.[2] Moreover, in following *Carswell*'s instruction to prevent litigation for officials who have asserted qualified immunity and noting that nearly three months have passed since Defendants filed their motion to dismiss, the undersigned finds that Plaintiff should not be afforded an opportunity to amend his pleadings prior to dismissal. It is apparent that Plaintiff's

---

[2] The Court notes that docket sheet for this case reflects Plaintiff has received all pleadings and Orders in this case and Plaintiff has not notified the Court of any change of address. Even assuming Plaintiff had not received all documents, a "[d]ismissal is further warranted when plaintiffs fail to provide the Court with a current address." *Turner v. Tex.*, No. 3:20-CV-1669-X(BT), 2020 WL 6747387, at *1 (N.D. Tex. Oct. 28, 2020), *rec. adopted*, 2020 WL 6741653 (N.D. Tex. Nov. 16, 2020) (dismissing plaintiff's suit for failing to prosecute the case by providing the Court with a current address).

4

Complaint is his best case. *See Brewster v. Dretke*, 587 F.2d 764, 768 (5th Cir. 2009) (*pro se* plaintiff gave "no indication that he did not plead his best case in his complaint"). Accordingly, under these circumstances, the Court **RECOMENDS** that Plaintiff's case be dismissed without prejudice pursuant to Rule 41(b).

## IV. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendants' Motion to Dismiss [doc. 18] be **GRANTED** and the above-styled and numbered cause be **DISMISSED** as to these Defendants.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT
### ORDER

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 26, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 12, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/adh